**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAEVON T. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1251 NCC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Raevon T. Parker for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who brings this action against the United States of America.[1] The complaint is handwritten on a Court-provided form. In the complaint, plaintiff states that this Court has federal subject matter jurisdiction based on the Second Amendment to the United States Constitution.[2]

---

[1] Plaintiff names the defendant as "United States of America on behalf of All Law Enforcement Agencies."

[2] The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

In his "Statement of Claim," plaintiff alleges that he was "denied the ability to purchase a firearm" on June 10, 2020. He states that this occurred at the Sam Light Loan Company in St. Louis, Missouri. As a result, plaintiff asserts that he is in fear of not being able to protect himself or loved ones. He further claims that law enforcement has infringed on his Second Amendment rights. Plaintiff asserts generally that any law regulating arms is unconstitutional.

Plaintiff seeks "to have his right to bear arms not infringed upon." Plaintiff requests damages, but he states that his "life cannot be measured into a dollar amount."

**Discussion**

Plaintiff has filed a civil action against the United States of America alleging that his Second Amendment right to bear arms has somehow been infringed upon. For the reasons discussed below, this action will be dismissed without prejudice.

**A. Sovereign Immunity**

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 2020 WL 5104268, at *1 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

In this case, plaintiff has made no attempt to show that the United States has "unequivocally expressed" a waiver of its sovereign immunity. That is, nothing in the complaint indicates that the United States has consented to this type of civil action. For example, he has not alleged that his action arises under the Federal Tort Claims Act (FTCA), or that he is seeking to recover tax refunds. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"); and *Barse v. United States*, 957 F.3d 883, 885 (8th Cir. 2020) (stating that "Congress has expressly waived sovereign immunity for suits against the United States by taxpayers seeking to recover tax refunds"). Because plaintiff has not shown a waiver of sovereign immunity, the United States is immune from suit, and this action must be dismissed.

**B. Failure to State a Claim**

As noted above, in order to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft*, 556 U.S. at 679. The complaint must contain enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

In this case, even if the United States was not immune from suit, plaintiff has not demonstrated a plausible claim for relief. To the contrary, plaintiff's brief, conclusory "Statement of Claim" does not establish that the United States of America or any of its agencies did anything to him, much less violate his constitutional rights. His entire claim consists of the statement that he was "denied the ability to purchase a firearm," along with his conclusion that this constituted a Second Amendment violation. Plaintiff presents no facts to support this contention. Certainly, he has not presented a plausible claim for relief, or provided anything more than legal conclusions and "naked assertions devoid of factual enhancement." Therefore, this action must be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of September, 2020.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE